ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF ANDERSON | ) | C.A. NO.: 2017-CP-04-_____ |
| | ) | |
| Moats Construction, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **SUMMONS** |
| | ) | |
| New Beach Construction Partners, Inc.; and | ) | |
| Travelers Casualty and Surety Company of | ) | |
| America | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices, 1204 A East Washington Street, Greenville, South Carolina, 29601, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

HOLDER, PADGETT, LITTLEJOHN + PRICKETT, LLC

s/ F. Lee Prickett, III
F. Lee Prickett, III (SC Bar # 76178)
Stokely M. Holder (SC Bar # 73892)
1204 A East Washington St.
Greenville, SC  29601
(864) 335-8808
lprickett@hplplaw.com
sholder@hplplaw.com
*Attorney for the Plaintiff*

June 23, 2017
Greenville, South Carolina

Exhibit A

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

STATE OF SOUTH CAROLINA     )    IN THE COURT OF COMMON PLEAS
                               )
COUNTY OF ANDERSON         )    C.A. NO.: 2017-CP-04-_____
                               )
Moats Construction, Inc.        )
                               )
       Plaintiff,      )
vs.                        )        **COMPLAINT**
                               )        (Non-Jury)
New Beach Construction Partners, Inc.; and )
Travelers Casualty and Surety Company of )
America                   )
                               )
       Defendants.     )
_____)

       COMES NOW, the Plaintiff, Moats Construction, Inc., ("Moats"), complaining of the Defendants, New Beach Construction Partners, Inc. ("New Beach") and Travelers Casualty and Surety Company of America ("Travelers"), and would show the following:

       1.     Moats is a corporation organized and existing in the State of South Carolina and, at all times mentioned herein, was transacting business in Anderson County, South Carolina.

       2.     Upon information and belief, Defendant New Beach is a foreign corporation and at all times mentioned herein was authorized and transacting business in Anderson County, South Carolina. New Beach may be served through their Registered Agent, Don Brasington at the following address:  136 Parkstone Way West, Columbia, South Carolina 29170.

       3.     Upon information and belief, Defendant Travelers is a foreign corporation. Travelers is authorized and does transact business in the State of South Carolina, and is authorized by to write surety bonds on South Carolina.  Travelers may be served at their principal place of business, One Tower Square, Hartford, Connecticut 06183-9062.

       4.     Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

       5.     Upon information and belief, New Beach entered into a demolition contract for $227,700.00 ("Contract") with Anderson County on January 21, 2016 to demolish two county-owned buildings. ("Project"). Said Contract was based on unit-prices and subject to adjustment based on actual quantities of work performed.

1

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

6.      Upon information and belief, Defendant Travelers issued a payment bond on the Project in the amount of $227,700.00, Bond No. 106399735, whereby New Beach and Travelers jointly and severally bound themselves to make all payments due for labor and materials provided on the Project. (*See* **Exhibit "A"**).

7.      Moats entered a subcontract directly with New Beach on March 7, 2016 to provide demolition and disposal services on the Project in the amount of One Hundred Seventy-Thousand ($170,000.00) Dollars. ("Subcontract") (*See* **Exhibit "B"**).

8.      As part of the Subcontract, Moats was to provide the following services:

> 1.a. complete demolition of the Bailes and Woolsworth Buildings located at 107 and 111 S. Main St. in Anderson, SC. Including the complete demolition and proper disposal of debris down to the existing road, parking lot and sidewalk grades as specified in Anderson County Bid 16-038 incorporated by reference herein. Fencing, shoring and bonding excluded.

9.      Moats was entitled to complete the debris disposal allowing Moats to collect any salvage value of the material being disposed on the Project. The salvage value was a key part of the consideration for the Subcontract. New Beach never raised any claim to the material being removed prior to their default.

10.     Section g. of the Subcontract further provided in the event that any asbestos containing material was encountered and not abated by Anderson County a change order shall be applied for and additional time to complete the project given upon approval. (*See* **Exhibit "B"**).

11.     On March 15, 2016, Moats was forced to stop ongoing demolition at 107 S. Main St. due to un-remedied environmental asbestos issues.  (*See* **Exhibit "C"**).

12.     On April 18, 2016 New Beach outlined the reasons for the Project delay to the Owner and requested an extension of sixty (60) days to July 16, 2017 in order to complete the Project. (*See* **Exhibit "D"**)

13.     On April 28, 2016, Moats provide notice of default for New Beach's failure to abide by the payment terms of the Subcontract. (*See* **Exhibit "E"**)

14.     New Beach granted Moats a thirty (30) day extension to complete the Subcontract on April 29, 2016, thereby extending the Subcontract completion date to June 21, 2016, but failed to cure the payment deficiencies, despite acknowledging the same. (*See* **Exhibit "F"**)

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

15.     New Beach submitted pay application number four covering the period through June 14, 2016, wherein they were paid for ninety-five percent (95%) of the demolition line item amounting to One Hundred Sixty-Nine Thousand, One Hundred and 00/100 ($169,100.00) Dollars of the One Hundred Seventy-Eight Thousand and 00/100 ($178,000.00) Dollars total line item amount on June 16, 2016. (*See* **Exhibit "G"**)

16.     On June 23, 2016, New Beach acknowledged owing $36,000.00 under the terms of the original Subcontract and further requested Moats to perform shoring and fencing for an additional $50,000.00. (*See* **Exhibit "H"**).

17.     On June 24, 2016, Moats terminated the Subcontract with New Beach due to New Beach's failure to remedy the default in payment terms. (*See* **Exhibit "I"**).

18.     After Moats terminated the Subcontract, New Beach wrongfully withheld the remaining stockpile of material and refused to allow Moats to retrieve the same. The salvage value of the remaining material is estimated to be worth in excess of Thirty Thousand and 00/100 ($30,000.00) Dollars. (*See* **Exhibit "J"**).

19.     Further, Moats has suffered the following additional costs as a result of New Beach's actions: damage to Moats' Bobcat; costs incurred to load and remove compact track loader costs of equipment on site; ongoing traffic control for thirty-one extra days on site; costs associated with the asbestos inspection which were never paid by New Beach.

20.     To date, Moats has only been paid One Hundred Thirty-Four Thousand and 00/100 ($134,000.00) Dollars, under its Subcontract with New Beach, leaving an undisputed balance of Thirty-Six Thousand and 00/100 ($36,000.00) Dollars due and owing without the additional costs noted above. (*See* **Exhibit "H"**).

21.     Moats fulfilled its obligations to New Beach, however, New Beach has nonetheless refused to pay the undisputed outstanding amount of Thirty-Six Thousand and 00/100 ($36,000.00) Dollars and compensate Moats for the additional costs outlined above. With inclusion of the additional costs incurred by Moats and offset for the salvage material outlined above, Moats has been damaged in excess of One Hundred Thirty-Three Thousand and 00/100 ($133,000.00) Dollars.

22.     Moats sent a statutory demand letter via certified mail, return receipt requested, to New Beach and Travelers, dated December 22, 2016. A true and correct copy of the demand letter is attached hereto as **Exhibit "K,"** and is incorporated herein by reference.

3

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

23.     Despite Moats' previous demands for payment, New Beach and Travelers have refused to pay the outstanding balance owed on the Project.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – New Beach)

24.     Moats realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

25.     The subcontract that Moats and New Beach entered into constituted a contract and Moats has fully performed its obligations under the Subcontract with New Beach up to the point of termination.

26.     The failure to pay Moats as outlined in the Subcontract constituted a breach of the Subcontract between the parties.

27.     After New Beach failed to cure the default, Moats properly enforced its rights to terminate the Subcontract.

28.     As a result of New Beach's breach, Moats has been damaged in excess of One Hundred Thirty-Three Thousand and 00/100 ($133,000.00) Dollars, for which it hereby sues together with costs and interest as provided by the Subcontract.

## FOR A SECOND CAUSE OF ACTION
### (Quantum Meruit - New Beach)

29.     Moats alleges its Second Cause of Action as an alternative claim to its First Cause of Action, and realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

30.     Moats furnished demolition and removal services for the benefit of New Beach, which services were accepted, used, and enjoyed by New Beach.  At the time the work was performed it was understood that Moats was to be paid for the demolition and removal services and was entitled to retain all removed materials; further, New Beach specifically requested the work be performed.  The acceptance of the demolition and removal services by New Beach created an implied Contract between Moats and New Beach.

31.     Such services were furnished under such circumstances that it was clear that Moats expected to be paid. New Beach will be unjustly enriched if Moats is not paid for its work on the Project and compensated for the salvage material wrongfully withheld by New Beach.

32.     The reasonable market value of the services furnished and materials withheld is at least One Hundred Thirty-Three Thousand and 00/100 ($133,000.00) Dollars, for which Moats

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

hereby sues in quantum meruit or other equitable theory for the reasonable value of the services and salvage materials, along with interest at the legal rate.

### FOR A THIRD CAUSE OF ACTION
#### (Suit on the Payment Bond – Travelers)

33.     Moats realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

34.     That upon information and belief, the Defendant Travelers issued a payment bond naming New Beach as principal and guaranteeing payment of all obligations under any subcontract associated with the aforesaid Project ("Bond"); and that upon information and belief, and by the terms of said bond, Defendant Travelers is obligated to pay to the Plaintiff the amount stated above. (*See* **Exhibit "A"**).

35.     That the Plaintiff made demand for payment upon Defendant Travelers and said claim for payment was denied.

36.     That the Plaintiff's last date of work on the Project was within one year from filing this action.

37.     Moats has not received full payment on the balance from either New Beach or Travelers, therefore Moats now hereby sues Travelers, as the surety to New Beach for the sum of at least One Hundred Thirty-Three Thousand and 00/100 ($133,000.00) Dollars, together with attorneys' fees, costs and interest as provided by the Subcontract and Bond.

### FOR A FOURTH CAUSE OF ACTION
#### (S.C. Code Ann. § 27-1-15 – New Beach)

38.     Moats realleges the foregoing paragraphs consistent with this cause of action as if fully restated verbatim herein.

39.     Pursuant to S.C. Code Ann. § 27-1-15, Moats sent written demand via certified mail, return receipt requested, to New Beach, requiring New Beach to perform a reasonable investigation into the amounts claimed owed by Moats and pay all undisputed amounts to Moats within Forty-Five (45) days from the date of the demand letter.  A true and correct copy of said demand letter is attached hereto as **Exhibit "G"**

40.     As of the date of filing the complaint; New Beach has failed and refused to make said reasonable investigation or pay Moats the undisputed amounts owed.

41.     Therefore, pursuant to S.C. Code Ann. § 27-1-15, New Beach is liable to Moats for attorneys' fees and interest from the date of the demand letter.

**WHEREFORE,** Moats Construction, Inc. prays for:

a.  Judgment against Defendant New Beach Construction Partners, Inc., for the First Cause of Action in the principal amount of at least One Hundred Thirty-Three Thousand and 00/100 ($133,000.00) Dollars, together with costs and interest per the Subcontract;

b.  Judgment against Defendant New Beach Construction Partners, Inc., for the Second Cause of Action, as an alternative to the first cause of action, in the principal amount of at least One Hundred Thirty-Three Thousand and 00/100 ($133,000.00) Dollars, together with interest at the legal rate;

c.  Judgment against Defendant Travelers Casualty and Surety Company of America for the Third Cause of Action in the principal amount of at least One Hundred Thirty-Three Thousand and 00/100 ($133,000.00) Dollars, together with attorney's fees, costs and interest per the Subcontract and Bond;

d.  Judgment against Defendants New Beach Construction Partners, Inc., for the Fourth Cause of Action pursuant to S.C. Code Ann. § 27-1-15, together with attorneys' fees and interest at the legal rate from the date of the demand letter;

e.  For attorneys' fees;

f.  For costs of this action; and

g.  For such other and further relief that this Court deems just and proper.

Respectfully submitted this 23rd day of June, 2017.

HOLDER, PADGETT, LITTLEJOHN + PRICKETT, LLC

s/ F. Lee Prickett, III
F. Lee Prickett, III (SC Bar # 76178)
Stokely M. Holder (SC Bar # 73892)
1204 A East Washington St.
Greenville, SC  29601
(864) 335-8808
lprickett@hplplaw.com
sholder@hplplaw.com
*Attorney for the Plaintiff*

Greenville, South Carolina

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

Bond No.    106399735

# Document A312™ – 2010

Conforms with The American Institute of Architects AIA Document 312

*Payment Bond*

**CONTRACTOR:**
*(Name, legal status and address)*

New Beach Construction Partners, Inc.
6200 Aberdeen Drive
Atlanta, GA  30328

**OWNER:**
*(Name, legal status and address)*

Anderson County South Carolina
101 S. Main Street
Anderson, SC  29624

**SURETY:**
*(Name, legal status and principal place of business)*

Travelers Casualty and Surety Company of America
Construction Services, Travelers Bond & Financial Products, One Tower Square
Hartford, CT  06183-9062
**Mailing Address for Notices**

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**CONSTRUCTION CONTRACT**
Date:

Amount: $ 227,700.00          Two Hundred Twenty Seven Thousand Seven Hundred Dollars and 00/100

Description:
*(Name and location)*
Demolition of Bailes & Woolworth Buildings in Anderson County, SC

**BOND**
Date:
*(Not earlier than Construction Contract Date)*

Amount: $ 227,700.00          Two Hundred Twenty Seven Thousand Seven Hundred Dollars and 00/100

Modifications to this Bond:     ☒ None          ☐ See Section 18

| **CONTRACTOR AS PRINCIPAL** | **SURETY** |
|---|---|
| Company:                          *(Corporate Seal)* | Company:                          *(Corporate Seal)* |
| New Beach Construction Partners, Inc. | Travelers Casualty and Surety Company of America |
| Signature: | Signature: |
| Name and Title: Lana Cavasse President | Name and Title: Daniel Yates    Attorney-in-Fact |

*(Any additional signatures appear on the last page of this Payment Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Yates Insurance Agency
2800 Century Parkway, NE, Suite 300
Atlanta, GA  30345
404-633-4321

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*



EXHIBIT
A

S-2149/AS 8/10

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

§ 1 The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference, subject to the following terms.

§ 2 If the Contractor promptly makes payment of all sums due to Claimants, and defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, then the Surety and the Contractor shall have no obligation under this Bond.

§ 3 If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

§ 4 When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

§ 5 The Surety's obligations to a Claimant under this Bond shall arise after the following:

§ 5.1 Claimants, who do not have a direct contract with the Contractor,
    .1   have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and
    .2   have sent a Claim to the Surety (at the address described in Section 13).

§ 5.2 Claimants, who are employed by or have a direct contract with the Contractor, have sent a Claim to the Surety (at the address described in Section 13).

§ 6 If a notice of non-payment required by Section 5.1.1 is given by the Owner to the Contractor, that is sufficient to satisfy a Claimant's obligation to furnish a written notice of non-payment under Section 5.1.1.

§ 7 When a Claimant has satisfied the conditions of Sections 5.1 or 5.2, whichever is applicable, the Surety shall promptly and at the Surety's expense take the following actions:

§ 7.1 Send an answer to the Claimant, with a copy to the Owner, within sixty (60) days after receipt of the Claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed; and

§ 7.2 Pay or arrange for payment of any undisputed amounts.

§ 7.3 The Surety's failure to discharge its obligations under Section 7.1 or Section 7.2 shall not be deemed to constitute a waiver of defenses the Surety or Contractor may have or acquire as to a Claim, except as to undisputed amounts for which the Surety and Claimant have reached agreement. If, however, the Surety fails to discharge its obligations under Section 7.1 or Section 7.2, the Surety shall indemnify the Claimant for the reasonable attorney's fees the Claimant incurs thereafter to recover any sums found to be due and owing to the Claimant.

§ 8 The Surety's total obligation shall not exceed the amount of this Bond, plus the amount of reasonable attorney's fees provided under Section 7.3, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

§ 9 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

S-2149/AS 8/10

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

§ 10 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for the payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligation to make payments to, or give notice on behalf of, Claimants or otherwise have any obligations to Claimants under this Bond.

§ 11 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ 12 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Section 5.1.2 or 5.2, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ 13 Notice and Claims to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears. Actual receipt of notice or Claims, however accomplished, shall be sufficient compliance as of the date received.

§ 14 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

§ 15 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor and Owner shall promptly furnish a copy of this Bond or shall permit a copy to be made.

§ 16 Definitions
§ 16.1 Claim. A written statement by the Claimant including at a minimum:
    .1   the name of the Claimant;
    .2   the name of the person for whom the labor was done, or materials or equipment furnished;
    .3   a copy of the agreement or purchase order pursuant to which labor, materials or equipment was furnished for use in the performance of the Construction Contract;
    .4   a brief description of the labor, materials or equipment furnished;
    .5   the date on which the Claimant last performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;
    .6   the total amount earned by the Claimant for labor, materials or equipment furnished as of the date of the Claim;
    .7   the total amount of previous payments received by the Claimant; and
    .8   the total amount due and unpaid to the Claimant for labor, materials or equipment furnished as of the date of the Claim.

§ 16.2 Claimant. An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Construction Contract. The term Claimant also includes any individual or entity that has rightfully asserted a claim under an applicable mechanic's lien or similar statute against the real property upon which the Project is located. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

§ 16.3 Construction Contract. The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents.

S-2149/AS 8/10

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

**§ 16.4 Owner Default.** Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

**§ 16.5 Contract Documents.** All the documents that comprise the agreement between the Owner and Contractor.

**§ 17** If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

**§ 18** Modifications to this bond are as follows:

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

**CONTRACTOR AS PRINCIPAL**                                      **SURETY**
Company:                    *(Corporate Seal)*          Company:                         *(Corporate Seal)*

Signature: _____            Signature: _____
Name and Title:                                        Name and Title:
Address                                                Address

S-2149/AS 8/10

# SUBCONTRACTOR AGREEMENT

THIS SUBCONTRACTOR AGREEMENT (this "Agreement") is being entered into and shall become effective on March 7, 2016 (the "Effective Date"), by and between New Beach Construction Partners Inc. of 6200 Aberdeen Dr, Atlanta, Ga 30328 (hereinafter "Contractor") and Moats Construction, Inc., of 1523 Old Roberts Ch. Rd., Anderson, SC 29626 (hereinafter "Subcontractor").

## WITNESSETH:

WHEREAS, Contractor and Subcontractor wish to contract with each other for the purpose of Subcontractor agreeing to perform and/or provide certain services and/or materials related to Subcontractor's skill, expertise and knowledge on the project identified under Section 3 herein pursuant to the terms and conditions described herein;

NOW, THEREFORE, for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, and in consideration of the promises and covenants contained herein, the parties hereto agree as follows:

1. DESCRIPTION OF SERVICES AND/OR MATERIALS TO BE PROVIDED

a. The services and/or materials to be provided by Subcontractor for Contractor are as follows:

The complete Demolition of the Bailes and Woolsworth Buildings located at 107 and 111 S. Main St in Anderson, SC. Including the Complete Demolition and proper disposal of Debris down to the Existing Road, Parking Lot and Sidewalk Grades as specified in anderson County Bid 16-038 incorporated by reference herein. Fencing, Shoring Bonding Excluded. All work to be completed by May 21, 2016 (collectively the "Services").

b. The Services will be performed in a workmanlike manner in accordance with the legally required and/or acceptable standards, customs and practices of workmanship within Subcontractor's trade, profession or such line of work.
The Direct Total being $170,000.00 USD One Hundred Seventy Thousand Dollars and 00/100.

c. The subcontractor will be responsible for obtaining any permits required by law. The subcontractor will not be responsible for any delay as a result of the contractor not fulfilling any obligation associated with this contract.

2. TERM

a. The term of this Agreement shall be for a period of 75 days, commencing upon the Effective Date (the "Term"), unless otherwise terminated pursuant to paragraph 2(b) hereof.

b. This Agreement may be terminated by either party upon written notice if:

i. Either party breaches a material provision or defaults on its obligations under this Agreement, and upon written notification by the other party fails to remedy such breach within thirty (30) days.

EXHIBIT

B
_____

ELECTRONICALLY FILED - 2017 Jun 23 3:43 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ii If any representation or warranty made herein shall be found to be false, incorrect or misleading in any material respect, by omission or otherwise.

iii In the event of insolvency, bankruptcy, liquidation, death, or disability of the other party.

3 PROJECT

The Services are to be performed on the following project: Balles / Woolsworth Buildings Demolition (hereinafter the "Project").

4 TERRITORY

The territory of this Agreement shall be Anderson, South Carolina (the "Territory").

5 COMPENSATION

a. Subcontractor shall perform and/or provide the Services pursuant to the terms herein.

b. Subcontractor shall submit invoices to Contractor Weekly.

c. Contractor shall pay all amounts owing to Subcontractor within 15 days from receipt by of Subcontractor's invoice and all overdue accounts shall be subject to interest at the legal rate from and after the date of the invoice in respect of which payment is overdue.

6 REPRESENTATIONS, WARRANTIES AND INDEMNIFICATION

a. Contractor represents and warrants that:

1 Contractor has the complete power and authority to enter into this Agreement and that this Agreement constitutes a valid and legally binding agreement enforceable against Contractor.

b. Subcontractor represents and warrants that:

i Subcontractor shall undertake, complete and provide in a timely and good and workmanlike manner the Services and shall do so in the same manner as if Subcontractor had independently contracted the Services.

ii Subcontractor shall maintain, at a minimum, standard commercial general liability insurance with a coverage limit in the amount of Two Million Dollars ($2,000,000). Additionally, Subcontractor shall maintain, at a minimum, property damage liability insurance coverage with a coverage limit in the amount of Two Million

© Copyright 2016

Dollars ($2,000,000). On such insurance policies, Contractor shall be listed as an additional insured. Subcontractor shall also maintain all other State legislated workers' compensation insurance coverage and any other insurance as may be legally required.

c. Subcontractor shall, at its own expense, indemnify, save and hold Contractor harmless from any and all damages, losses and costs (including, but not limited to, legal costs and attorneys' fees) incurred or sustained by reason of or arising out of any breach or alleged breach by Subcontractor of any of the representations, warranties, or agreements herein made by Subcontractor. Without limiting any right or remedy otherwise available to Contractor, in the event of any such claim, Contractor shall have the right to withhold from any monies payable hereunder an amount reasonably related to such claim, including but not limited to anticipated legal fees and costs.

7 MISCELLANEOUS

a. The parties hereto are independent contractors and nothing contained herein shall be interpreted as creating any relationship other than that of independent contracting parties. The parties shall not be construed as being partners, joint venturers, shareholders, employer/employee, or agent/servant.

b. This Agreement shall be governed by and interpreted according to the laws of the State of South Carolina, applicable to agreements to be wholly performed therein, with jurisdiction exclusive to the Federal and State courts located in South Carolina, and the parties hereto irrevocably consent to the jurisdiction of such courts.

c. This Agreement may not be assigned or transferred by either party without the express written consent of the other party which consent may be withheld in the discretion of the consenting party. Subject to the foregoing, this Agreement shall be binding upon and enure to the benefit of the parties and their respective heirs, administrators, executors, successors and permitted assigns. Nothing herein, express or implied, is intended to confer upon any person, other than the parties and their respective heirs, administrators, executors, successors and permitted assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement.

d. This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements, representations, warranties, statements, promises, information, arrangements and understandings, whether oral or written, express or implied, with respect to the subject matter hereof. The parties further acknowledge and agree that, in entering into this Agreement, they have not in any way relied, and will not in any way rely upon any oral or written agreements, representations, warranties, statements, promises, information, arrangements or understandings, express or implied, not specifically set forth in this Agreement or in such schedules, documents or instruments.

© Copyright 2016

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

e. No failure by either party to pursue any remedy resulting from a breach of this Agreement by the other shall be construed as a waiver of that breach or as a waiver of any subsequent or other breach unless such waiver is in writing and signed by the non-breaching party.

f. Each provision of this Agreement is intended to be severable. If any provision hereof is illegal or invalid, such illegality or invalidity shall not affect the validity of the remainder hereof.

g. In the event that any ACM are encountered and not abated by Anderson County a change order shall be applied for and additional time to complete the project given upon approval. Any change order applied for shall be in writing.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

CONTRACTOR: New Beach Construction Partners, Inc.

By ___Lana Cavass_____ Print

___New Beach Construction_____ Signature

Title: Owner / Partner ___President_____

By _____ Print

_____ Signature

Title: Owner / Partner _____

SUBCONTRACTOR: Moats Construction, Inc.

___RUSSELL T. MOATS_____ Print

_____ Signature

By: Russell T. Moats
Title: Owner / Principle   DATE: 03-09-16

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

**From:** richard katz <RKatz@southeastdemo.com>
**Date:** March 17, 2016 at 10:17:34 AM EDT
**To:** Robert Carroll <rcarroll@andersoncountysc.org>, "Brian T. Richardson"
<btrichardson@andersoncountysc.org>, "Matthew King (matthew.king@gmcnetwork.com)"
<matthew.king@gmcnetwork.com>, Lana Cavassa <lanacavassa@gmail.com>
**Cc:** Russell <rtm@moatsconstruction.com>
**Subject: Fw: 111 and 107 S. Main St -Asbestos issues**

Please review the attached email from our Moats Construction . Please review in conjunction
with the survey attached in my prior email.


**Richard Katz**
**Director of Operations**
**SouthEast Demolition & Environmental Services Inc/New Beach Construction Partners**
**Direct cell- 786-566-2000**
Rkatz@southeastdemo.com
www.southeastdemo.com


---

**From:** Russell <rtm@moatsconstruction.com>
**Sent:** Thursday, March 17, 2016 9:29 AM
**To:** richard katz
**Subject:** Fwd: 111 and 107 S. Main St

Richard,
I looked back and saw that I did send you the survey and reports the same time I sent them to
Lana.  The letter regarding the results is attached.

Russell T. Moats
Principle



1

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

Moats Construction Company
1523 Old Roberts Ch Rd
Anderson, South Carolina 29626
300 W. Orr St. ( Shops )
864.224.0904 Office
864.964.9754 Fax
864.276.5021 Direct
Charleston
7672 Little Britton Rd.
Yonges Island, South Carolina 29449
843.327.2497 Office
843.869.1554 Fax
www.moatsconstruction.com


Begin forwarded message:

> **From:** Russell Moats <rtm@moatsconstruction.com>
> **Date:** March 16, 2016 at 8:15:54 AM EDT
> **To:** lcavassa@newbeachpartners.com
> **Cc:** pholden@moatsconstruction.com
> **Subject: 111 and 107 S. Main St**
>
> Please see the attached.
>
>
> Russell T. Moats
> Principle
> Moats Construction Company
> 1523 Old Roberts Ch. Rd.
> 300 W. Orr St. Shop
> Anderson, South Carolina 29626
> Office: 864.224.0904
> Fax:    864.964.9754
> Direct: 864.276.5021
> 7672 Little Britton Rd.
> Yonges Island, South Carolina 29449
> Office: 843.327.2497
> Fax:    843.869.1554
> www.moatsconstruction.com

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

# Moats Construction, Inc.

1523 Old Roberts Ch. Rd.
Anderson, South Carolina 29626
*Contractors ~ Builders*
Office : 864.224.0904   Fax : 864.964.9754

March 15, 2016

Lana Cavassa, Esq.
New Beach Construction Partners, Inc.
6200 Aberdeen Dr.
Atlanta, Ga 30328

RE: Demolition of the Bailes and Woolworth

Dear Ms. Cavassa,

A visual, environmental inspection of both the Bailes and Woolworth Buildings has been conducted by our company, acting as demolition subcontractor for this project. In addition we subcontracted the services of R&B Environmental, 1065 Old Vinland School rd. Easley, South Carolina 29640 to perform an asbestos follow-up inspection due to the familiarity of our company with the job and prior asbestos abatement project. There were suspicions raised by our SCDHEC licensed Asbestos Supervisor, Paul Holden, that additional ACM might be present in the buildings, currently permitted for demolition by SCDHEC, even though an " all clear " letter was given to Anderson County by D & H Associates prior to the demolition contract being let.
Thirty-One (31) samples were taken between 111 S. Main st. and 107 S. Main st. and two (2) were found to contain ACM.
At 111 S. Main St. the Roof Flashing Mastic ( non-friable) was left in place not abated and is still in need of removal. The cost associated with the removal of the +/- 1,000 SF of Roof Flashing Mastic is $5,000.00 and would take an additional 2-3 days to complete.
At 107 S. Main St. the 11,000 SF first floor Flooring Underlayment felt on top of the wood flooring was not removed during previous abatement activities and would need to be abated. This material is non-friable in its current condition, but has the potential to become friable if it were to become dry and broken during the demolition of the structure. It is our position that the wood flooring needs to be removed in its entirety in pieces and abated. This portion of work will be quite tedious and would require an additional 14-21 days to complete. The cost would be 35,750.00.
In addition no demolition of the buildings can occur until this abatement has been completed to insure that there is no remaining ACM in the buildings. I have forwarded a copy of the inspection and survey

reports to you and would request at this time a change order for $850.00, which is the cost of the survey, inspection and sampling that we have incurred from R & B Environmental. There would also be an additional charge at the conclusion of the abatement work if an independent party needs to provide another " all clear" letter for your records.

We have stopped all demolition activities at 107 S. Main st. at this time, but continue to work at 111 S. Main st. due to the material referenced above being confined to only the roof of the structure at which time we are not presently working.

Please let us know if you have any questions.


Kindest Regards,

Russell T. Moats
Principle
Moats Construction, Inc.

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

From: Matthew King matthew.king@gmcnetwork.com
Subject: RE: Request for contract modification(completion date) due to unforeseen circumstances.
Date: May 2, 2016, 10:26:12 AM
To: Lana Cavassa lanacavassa@gmail.com
Cc: Russell rtm@moatsconstruction.com, Robert Carroll (rcarroll@andersoncountysc.org) rcarroll@andersoncountysc.org, Brian T. Richardson btrichardson@andersoncountysc.org, richard katz RKatz@southeastdemo.com

Lana,

The County agreed to approve 15 additional days to the contract late last month.
Please submit proper forms so this can be made official prior to the 15th of May which was the contractual date of Substantial Completion.

Thanks,

Matthew King, LEED AP
Architecture

Tel    864.527.0460
Fax    864.527.0461
Cell    864.630.8909

G O O D W Y N | M I L L S | C A W O O D
101 East Washington Street, Suite 200
Greenville, SC 29601

**From:** Matthew King
**Sent:** Tuesday, April 19, 2016 1:16 PM
**To:** 'richard katz'; Lana Cavassa
**Cc:** Russell; Robert Carroll (rcarroll@andersoncountysc.org); Brian T. Richardson
**Subject:** RE: Request for contract modification(completion date) due to unforeseen circumstances.
**Importance:** High

Richard and Lana,

We have reviewed your request for additional days for the Demolition of the Bailes & Woolworth Buildings in Anderson, SC.

It is quite standard to approve additional days from the moment an owner is notified of a potential


EXHIBIT
D

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

hazard until the time it is either abated or proved harmless assuming there was work stoppage in that process. In this case, the duration from notification to remedy of asbestos was approximately 28 calendar days (20 business days). However, Moats Construction, your subcontractor, never completely stop working during this period of time as the asbestos was in different locations across two buildings. Therefore, we recommend that Anderson County approve 15 additional days to the contract at no additional cost. The original date of substantial completion was May 15, 2016, so this would move it to May 30, 2016 should all parties find this agreeable.

Below are a few questions regarding other contractual project requirements.

1.  You are required to have an EPA approved/certified Refrigerant Recovery Technician to recover refrigerant and issue a Statement of Refrigerant Recovery. This was to be done prior to demolition. Has this been done?
2.  We have not received a detailed Schedule of Building Demolition Activities to date. They are to indicate sequence of demolition with dates as well as other items listed in the specifications.
3.  On site storage of removed items and materials is not permitted. Please describe a plan to reduce the current amount of onsite stored items.
4.  Shoring and bracing is required. Do you have shop drawings ready for this work? It was designed to brace the lower level walls prior to demolition. If another method is utilized, then it will be at your risk unless approved otherwise.
5.  The temporary construction fencing was to be 8' tall per Addendum #1. Do you intend to offer a credit for the installed 6' fence?
6.  Do you have an employee that monitors safety? The temporary protection is intended to protect people from entering the site, and the gate is often wide open allowing anyone to enter the site.
7.  Do you have a business license with the City of Anderson?
8.  Have you coordinated the anticipated lane closure with SCDOT?
9.  Will you be scheduling regular site meetings soon?

If you have any questions or concerns, please let me know.

Regards,

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

Matthew King, LEED AP
Architecture

Tel      864.527.0460
Fax     864.527.0461
Cell     864.630.8909

G O O D W Y N | M I L L S | C A W O O D
101 East Washington Street, Suite 200
Greenville, SC 29601

---

**From:** richard katz [mailto:RKatz@southeastdemo.com]
**Sent:** Monday, April 18, 2016 2:34 PM
**To:** Matthew King; Robert Carroll (rcarroll@andersoncountysc.org); Brian T. Richardson
**Cc:** Lana Cavassa; Russell
**Subject:** Request for contract modification(completion date) due to unforeseen circumstances.

Gentlemen- We are requesting a 60 days extension to our completion date as a result of delays not in our control. I refer you to the following emails that will support our position

1- 2/12/2016-Notice of lead paint in structure
2- 2/14/2016-Lead paint email
3-2/17/2016-Chemical drum email
4-2/19/2016-Chemical drum removal
5-2/22/2016- Final clearance lead
6-2/24/2016- Letter from DEHC that asbestos reports provided by county required to attach to permit were inadequate
7-2/28/2016-Email to Matthew King et. al. discussing inadequacy of reports provided by county.
8-2/29/2016-Email to county indicating DEHC's letter requiring additional abatement.
9-2/29/2016-Email to county with an attachment from Rhonda Akins of DEHC requiring

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

asbestos window removal

10-3/17/2016-Email to county with a new survey showing a substantial amount of asbestos left by original abatement contractor

11-3/22/2016-Email to county requesting a decision on asbestos issues

12-3/23/2016- Email summarizing delays to date

13-3/23/2016- Letter to Rhonda Aikens of HEHC requesting guidance

14-3/24/2016-Email from Matthew King discussing notification of asbestos condition

15-3/24/2016-Email to Matthew King requesting update and notification and requesting "independent third party testing"

16-3/24/2016-  Email from Matthew King indicating that a prior walk-thru and testing was done and the results were "pending"

17-3/29/2016-Email from Richard Katz requesting update as to when removal of asbestos would commence

18-3/29/2016-Email from Matthew King indicating a meeting would be held of April 4, 2016 with DHEC and county

19- Asbestos work completed Thursday April 14,2016

I believe once the timeline is verified our request is directly inline with the delays not caused by us and not foreseen.

**Richard Katz**

**Director of Operations**

**SouthEast Demolition & Environmental Services Inc/New Beach Construction Partners**

**Direct cell- 786-566-2000**

**Rkatz@southeastdemo.com**

**www.southeastdemo.com**

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

**From:** Russell <rtm@moatsconstruction.com>
**Date:** April 28, 2016 at 6:59:23 PM EDT
**To:** lana cavassa <lcavassa@newbeachpartners.com>
**Cc:** richard katz <RKatz@southeastdemo.com>, Matthew King <matthew.king@gmcnetwork.com>, Paul <pholden@moatsconstruction.com>, lbkingcu@moatsconstruction.com
**Subject: Re: Bailes and Woolworth**

Lana and Richard,
Written notice is hereby given and a formal copy will follow this email via USPS certified mail.
A material breach of contract provision due to non-payment per Subcontractor agreement.
Section 5. b. states " Subcontractor shall submit invoices to Contractor Weekly."
Section 5. c. states " Contractor shall pay all amounts owing to Subcontractor within 15 days from receipt by of Subcontractor's invoice..."
To date we have invoiced $17,000.00 weekly because the contract was originally 10 weeks and our contract was for $170,000.00.
At this point we have stopped invoicing because we are ahead of our progress due to the delays stemming from the additional environmental issues.
However, as of April 25, we were only paid 11.76% of the contract amount with 64.7% being invoiced. Therefor the result being a provisional breach of contract.
When we completely Raze the Woolworth building, which looks like it could carry into the first of next week, I will expect a payment of no less than the completed portion of work per our agreement which will be at least 50% or $85,000 less the $20,000 payment. So $65,000. We are about 60% complete with the Woolworth building now, and are hauling the debris off site as well.
Additionally, we have requested, in writing, a change order dated March the 15th stating the need for additional time due to the environmental issues and also cost of the additional survey. We have received no such change order. This is a problem.
A fair time extension is 30 days since we notified you in writing on the 16 th of March, and the abatement crew was complete on the 14th of April.
No work will continue after Tuesday May 3rd without these approved changes, and the assurance of payment to satisfy the provisions of the subcontractor agreement.
At that time only will I address any issue related to the master / prime contract with Anderson County. If this is not satisfactory to any parties you may move to submit any notices to our company as you see fit.
We will also not plan to mobilize our 75' high reach excavator for the demolition of the Bailes building as originally planned for the 10th of May until these issues are resolved.

1

EXHIBIT
E

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

Additionally please consider that we are providing traffic control at no charge which was not in our agreement. We only discussed it briefly prior to our contract negotiations with Richard stating that New Beach would take care of the Traffic Control.

Sincerely,


Russell T. Moats
Principle
Moats Construction Company
1523 Old Roberts Ch Rd
Anderson, South Carolina 29626
300 W. Orr St. ( Shops )
864.224.0904 Office
864.964.9754 Fax
864.276.5021 Direct
Charleston
7672 Little Britton Rd.
Yonges Island, South Carolina 29449
843.327.2497 Office
843.869.1554 Fax
www.moatsconstruction.com


On Apr 28, 2016, at 4:39 PM, lana cavassa <lcavassa@newbeachpartners.com> wrote:

> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** Matthew King <matthew.king@gmcnetwork.com>
>> **Date:** April 27, 2016 at 8:14:04 AM EDT
>> **To:** lana cavassa <lcavassa@newbeachpartners.com>
>> **Cc:** Robert Carroll <rcarroll@andersoncountysc.org>, "btrichardson@andersoncountysc.org" <btrichardson@andersoncountysc.org>, "richard katz (RKatz@southeastdemo.com)" <RKatz@southeastdemo.com>, "Russell Moats (rtm@moatsconstruction.com)" <rtm@moatsconstruction.com>
>> **Subject:** Bailes and Woolworth
>>
>> Lana,
>>
>> There is a large amount of brick and other demolition dust leaving the containment of your site and accumulating on adjacent cars and structures.
>> We recommend that you take appropriate measures to limit the dust to alleviate a several block cleaning effort and unhappy neighbors.
>>
>> Regards,

2

Matthew King, LEED AP
Architecture

Tel    864.527.0460
Fax    864.527.0461
Cell    864.630.8909

G O O D W Y N | M I L L S | C A W O O D
101 East Washington Street, Suite 200
Greenville, SC 29601

3

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

From: **Russell** rtm@moatsconstruction.com
Subject: **Fwd: Bailes and Woolworth**
Date: **Jun 24, 2016, 12:30:27 PM**
To: **Paul** pholden@moatsconstruction.com

Russell T. Moats
Principle
Moats Construction Company
1523 Old Roberts Ch Rd
Anderson, South Carolina 29626
300 W. Orr St. ( Shops )
864.224.0904 Office
864.964.9754 Fax
864.276.5021 Direct
Charleston
7672 Little Britton Rd.
Yonges Island, South Carolina 29449
843.327.2497 Office
843.869.1554 Fax
www.moatsconstruction.com

Begin forwarded message:

From: Moats Construction <rtm@moatsconstruction.com>
Date: April 29, 2016 at 9:47:03 AM EDT
To: richard katz <RKatz@southeastdemo.com>
Cc: "lanacavassa@gmail.com" <lanacavassa@gmail.com>
Subject: Re: Bailes and Woolworth

Richard and Lana,
I am not trying to undermine your position, but I am obligated to do what is
in the best interest of my company. I am a " no non-sense " contractor, and I



would typically deal with this situation more strictly than I have already, save the owner is already a customer of mine. I have been patient and done everything as agreed and more. We have a job to do, lets just get it done and move on. There are just some issues with GMC that need to be firmly addressed at this point.

Russell T. Moats
Principle
Moats Construction Company
1523 Old Roberts Ch Rd
Anderson, South Carolina 29626
300 W. Orr St. ( Shops )
864.224.0904 Office
864.964.9754 Fax
864.276.5021 Direct
Charleston
7672 Little Britton Rd.
Yonges Island, South Carolina 29449
843.327.2497 Office
843.869.1554 Fax
www.moatsconstruction.com

On Apr 29, 2016, at 9:18 AM, richard katz <RKatz@southeastdemo.com> wrote:

Russell – please accept this email as a authorized change order to your contract for the demolition of the Woolworth building and associated structures for an additional 30 days based on delays not caused by you.we are submitting another invoice today requesting a payment within the next week. I understand you noticing Matthew in regard to payment however I am trying to negotiate a 60 day extension and by you referencing that issue

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

in your email to me you shot me in the foot.


Richard Katz
Director of Operations
South East Demolition and Environmental Services/ New Beach
Construction Partners
Cell 786-566-2000
Sent from my iPhone


On Apr 28, 2016, at 6:59 PM, Russell <rtm@moatsconstruction.com>
wrote:

Lana and Richard,
Written notice is hereby given and a formal copy will follow this email via
USPS certified mail.
A material breach of contract provision due to non-payment per
Subcontractor agreement.
Section 5. b. states " Subcontractor shall submit invoices to Contractor
Weekly."
Section 5. c. states " Contractor shall pay all amounts owing to
Subcontractor within 15 days from receipt by of Subcontractor's invoice..."
To date we have invoiced $17,000.00 weekly because the contract was
originally 10 weeks and our contract was for $170,000.00.
At this point we have stopped invoicing because we are ahead of our
progress due to the delays stemming from the additional environmental
issues.
However, as of April 25, we were only paid 11.76% of the contract amount
with 64.7% being invoiced.  Therefor the result being a provisional breach
of contract.
When we completely Raze the Woolworth building, which looks like it could

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

carry into the first of next week, I will expect a payment of no less than the completed portion of work per our agreement which will be at least 50% or $85,000 less the $20,000 payment. So $65,000. We are about 60% complete with the Woolworth building now, and are hauling the debris off site as well.

Additionally, we have requested, in writing, a change order dated March the 15th stating the need for additional time due to the environmental issues and also cost of the additional survey. We have received no such change order. This is a problem.

A fair time extension is 30 days since we notified you in writing on the 16 th of March, and the abatement crew was complete on the 14th of April. No work will continue after Tuesday May 3rd without these approved changes, and the assurance of payment to satisfy the provisions of the subcontractor agreement.

At that time only will I address any issue related to the master / prime contract with Anderson County. If this is not satisfactory to any parties you may move to submit any notices to our company as you see fit.

We will also not plan to mobilize our 75' high reach excavator for the demolition of the Bailes building as originally planned for the 10th of May until these issues are resolved.

Additionally please consider that we are providing traffic control at no charge which was not in our agreement. We only discussed it briefly prior to our contract negotiations with Richard stating that New Beach would take care of the Traffic Control.

Sincerely,


Russell T. Moats
Principle

# APPLICATION AND CERTIFICATE FOR PAYMENT

*AIA DOCUMENT G702*

PAGE 1 OF 2 PAGES

TO OWNER:
Anderson County

PROJECT:
107 & 111 S. Main St.

APPLICATION NO: 4.00

PERIOD TO: 6/14/2016

CONTRACTOR
New Beach Construction Partners
6100 Aberdeen dr
Atlanta Ga 30328

VIA (ARCHITECT):

ARCHITECTS

PROJECT NO:

CONTRACT DATE:

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for Payment, as shown below, in connection with the Contract.
Continuation Sheet, AIA Document G703, is attached.

**CHANGE ORDER SUMMARY**

| | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Change Orders approved in previous months by Owner | Div/Dept. head Signature | Finance Approval |
| TOTAL | | |
| Approved this Month | | |
| Number | Date Approved | |

Account Number
360-5231-000-401

Vendor #
577

F #/P O #
62696 P

Voucher #
.844799

| | TOTALS | |
| Net Change by Change Orders Finance | Date Paid | 0.00 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is due.

CONTRACTOR:

BY: _____  DATE: 6-16-16

JUN 29 2016    JUN 30 2016

1. ORIGINAL CONTRACT SUM $227,700
2. Net change by Change Orders $0
3. CONTRACT SUM TO DATE (Line 1 +/- 2) $227,700 ✓
4. TOTAL COMPLETED & STORED TO DATE $203,219  188,219
   (Column G on G703)
5. RETAINAGE:
   a. 10 % of Completed Work $19,622  17683
      (Column D + E on G703)
   b. ____% of Stored Material $
      (Column F on G703)
   Total Retainage (Line 5a + 5b or
   Total in Column I of G703) $10,075  17,683
6. TOTAL EARNED LESS RETAINAGE $183,048  170,536
   (Line 4 less Line 5)
7. LESS PREVIOUS CERTIFICATES FOR
   PAYMENT (Line 6 from prior certificate) $130,126
8. CURRENT PAYMENT DUE $52,928  40,410
9. BALANCE TO FINISH, PLUS RETAINAGE $44,654  57,164
   (Line 3 less Line 6)

State of Georgia
County of _____
Subscribed and sworn to before me this 16th day of June 2016
Notary Public: _____
My Commission expires: 7/23/2019

Christine Schmidt
NOTARY PUBLIC
Cherokee County, GEORGIA
My Comm. Expires
07/23/2019

## ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED

AMOUNT CERTIFIED
(Attach explanation if amount certified differs from the amount applied for.)
ARCHITECT: _____ $ 40,410
BY: _____
This certificate is not negotiable. The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

WITHHOLDING 5,000 PERMANENT FENCE THAT IS NOT INSTALLED AND 5% OF DEMOLITION. ANY LD's WILL BE WITHHELD FROM THE.

EXHIBIT G

**CONTINUATION SHEET**  AIA DOCUMENT G703  PAGE 2 OF 2 PAGES

AIA Document G702,APPLICATION AND CERTIFICATE FOR PAYMENT, containing
Contractor's signed Certification is attached.
In tabulations below, amounts are stated to the nearest dollar.
Use Column I on Contracts where variable retainage for line items may apply.

APPLICATION NO:  4.00
PERIOD TO:
ARCHITECT PROJECT NO:  Woolworth

| A | B | C | D | E | F | G | | H | I |
|---|---|---|---|---|---|---|---|---|---|
| ITEM NO | DESCRIPTION OF WORK | SCHEDULED VALUE | WORK COMPLETED | | MATERIALS PRESENTLY STORED (NOT IN D OR E) | TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G/C) | BALANCE TO FINISH C-G | RETAINAGE |
| | | | FROM PREVIOUS APPLICATION (D + E) | THIS PERIOD | | | | | |
| 1 | Mobilization-5% | 11,385 | 11,385 | 0 | 0 | 11,385 | 100% | 0 | 0 |
| 2 | Temporary Fence-950 ft-2 gates | 9,000 | 7,734 | 44,900 0 13,500 | 0 | 7,734 | 86% | 1266 0 900 | 773 |
| 3 | Demolition | 178,000 | 124,200 | 0 | 0 | 169,100 178,800 | 95% 100% | 2900 0 | 17,800 |
| 4 | Shoring/Engineering | 13,515 | 0 | 0 | 0 | | 0% | 13,515 | 0 |
| 5 | Permanent Fence | 10,000 | 0 | 0 5,000 | 0 | 0 5,000 | 0% 50% | 10 5,000 | 0 500 |
| 6 | Clean-up site debris | 5,800 | 0 | 0 | 0 | | 0% | 5,800 | 0 |
| 7 | | | 0 | 0 | 0 | | | | 0 |
| 8 | | | 0 | 0 | 0 | | | | 0 |
| 9 | | | 0 | 0 | 0 | | | | 0 |
| 10 | | | 0 | 0 | 0 | | | | 0 |
| 11 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 12 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 13 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 14 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 15 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 16 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 17 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 18 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 19 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 20 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 20 | | | | | | | | | 0 |
| 21 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 22 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 23 | | 0 | 0 | 0 | 0 | | | 0 | 0 |
| 24 | | | | | | | | | |
| 25 | | | | | | | | | |
| 26 | | | | | | | | | |
| 27 | | | | | | | | | |
| 28 | | | | | | | | | |
| 29 | | | | | | | | | |
| 30 | | | | | | | | | |
| 31 | | | | | | | | | |
| 32 | | | | | | | | | |
| | | 227,700 | 143,319 | 52,000 | 0 | 202,119 | 88% | 24,315 | 18,073 |

44,900        188219        38,775 39,481        17683

16,910

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

*Robert*

P62696  6/16/2016    40410.00    AP#4/0616  360-5231-000-401

34850        40410.00*

No.   34850

TD BANK
ANDERSON, SC 29621

67-148
532

PAY   **40410*DOLLARS AND*00*CENTS

NEW BEACH CONSTRUCTION
PARTNERS INC
6200 ABERDEEN DR
ATLANTA          GA  303280000

6/30/2016    34850     ***40,410.00

From: lana cavassa lcavassa@newbeachpartners.com
Subject: Proposition
Date: Jun 23, 2016, 5:34:52 PM
To: Russell Moats rtm@moatsconstruction.com
Cc: richard katz RKatz@southeastdemo.com

Dear Russell,
I wanted to see if we could come to terms in having you finish out the project with
Anderson County. Rich has been sick and so has my son so things have been
interrupted here. I have already obtained the fence permit. I don't know where you
are with the shoring and getting Brian to agree to using the brick. We still owe you
$36,000.00 and we would be willing to pay you an additional $50,000.00 for you to
complete the permanent fence to spec and the shoring to their spectifications.

Please let me know as soon as possible your feelings about this . Also, please let
me know that all demolition work including debris removal has been completed.
Matthew King will probably be on site Friday June 24, 2016.

Lana Cavassa, Esq.
New Beach Construction Partners, Inc. dba
Southeast Demolition & Environmental Services Inc.
404-422-7947

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304


EXHIBIT
H

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

**From:** Russell <rtm@moatsconstruction.com>
**Date:** June 24, 2016 at 9:29:55 AM EDT
**To:** btrichardson@andersoncountysc.org, Matthew King <matthew.king@gmcnetwork.com>
**Subject: Bailes and Woolsworth**

Brian,
Lana finally came to the site this morning and acted extremely upset that all of the debris had not been removed. I reminded her of an email that we had sent to her 30-45 days ago regarding our contract and weekly progress payments which she never fully honored and has not honored to date. She responded that they would not be making any more payments until all the debris were removed and I told her that would be next week, but that she could start on here fencing and we would stay ahead of her crew to clear the way for the fence.
We will have been working on this job 30-45 days longer than originally anticipated primarily due to the management of the contract by New Beach, and have been paid no additional money in the form of change orders ect., we have provided traffic control to the project at no cost and we have not requested any additional money or change orders. We are still owed $36,000.00 on our contract with New Beach. We are terminating that contract effective today due to non-payment. We provided them with a 30 day notice which they responded to, but never fulfilled the agreement. Due to Lana's reaction, over reaction this morning, we do not feel comfortable continuing the relationship. We are removing what steel we have stockpiled on-site today, and would like to know if the county would like for us to finish the job with the assurance that we would be paid the remainder of the contract when finished. I can sent a notice of furnishing this morning.
I am also forwarding an email that she sent is yesterday.
Kindest Regards,


Russell T. Moats
Principle
Moats Construction Company
1523 Old Roberts Ch Rd
Anderson, South Carolina 29626
300 W. Orr St. ( Shops )
864.224.0904 Office
864.964.9754 Fax
864.276.5021 Direct
Charleston



1

7672 Little Britton Rd.
Yonges Island, South Carolina 29449
843.327.2497 Office
843.869.1554 Fax
www.moatsconstruction.com

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

From: richard katz RKatz@southeastdemo.com
Subject: Re: Termination of Subcontractor Agreement
Date: Jul 5, 2016, 5:16:27 AM
To: Laura lbkingcu@moatsconstruction.com
Cc: Matthew King matthew.king@gmcnetwork.com,
lanacavassa@gmail.com, Paul pholden@moatsconstruction.com

Good luck


Richard Katz
Director of Operations
South East Demolition and Environmental Services/ New Beach Construction
Partners
Cell 786-566-2000
Sent from my iPhone

On Jul 4, 2016, at 7:09 PM, Laura <lbkingcu@moatsconstruction.com>
wrote:

All,
That is correct.  We terminated our subcontract agreement last Friday per
our conversation onsite, the email I sent to the county and our meeting with
the county.
We have remained on the site per our meeting with the county through this
past Friday and no all of the debris has not been removed.  We had a
hydraulic line blow on one machine and it was not an easy fix.  It was down 2
days.  We also had 2 afternoons of heavy thunderstorms.
You actions as of Friday, July 1st have only complicated the completing of
the debris removal.
I am out of town, but I will have someone onsite tomorrow documenting
everything if you should decide to touch any debris or salvaged materials
that we have onsite.  You do not have a demolition permit to do any work on
the site.
If you decide to try to remove anything, or in anyway encroach on our
equipment that remains onsite we will have the Anderson Police dispatched

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

to the site and notify SCDHEC as well.  We have already made the Anderson Police aware of the situation, and they are monitoring the site.
Additionally, I am sending the county a notice of furnishing per the SC statute, and will be submitting a FOIA request for your bond information so that we may go ahead with filing a claim on your payment bond / and so that the county can retain any monies owed to our company. I will file suit against all partners of New Beach both in Anderson county and your domicile counties in order to obtain the judgments necessary.
We will also be seeking additional damages for your mismanagement and breach of our subcontract agreement.
It would just be to your advantage to work with us, as hard as it might be at this point, to finish the job and pay us the money that you owe us.
Sincerely,


Sent from my iPhone

On Jul 4, 2016, at 4:03 PM, richard katz <RKatz@southeastdemo.com> wrote:



Richard Katz
Director of Operations
South East Demolition and Environmental Services/ New Beach Construction Partners
Cell 786-566-2000
Sent from my iPhone

Begin forwarded message:

From: <RKatz@southeastdemo.com>
Date: July 4, 2016 at 3:56:07 PM EDT
To: <rtm@moatsconstruction.com>, Matthew King
<matthew.king@gmcnetwork.com>, <lanacavassa@gmail.com>
Subject: Fwd: Termination of Subcontractor Agreement

Richard Katz
Director of Operations
South East Demolition and Environmental Services/ New Beach
Construction Partners
Cell 786-566-2000
Sent from my iPhone

Begin forwarded message:

From: lana cavassa <lcavassa@newbeachpartners.com>
Date: July 4, 2016 at 3:53:16 PM EDT
To: richard katz <RKatz@southeastdemo.com>
Subject: Fw: Termination of Subcontractor Agreement

Lana Cavassa, Esq.

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

New Beach Construction Partners, Inc. dba

Southeast Demolition & Environmental Services Inc.

404-422-7947

**From:** lana cavassa
**Sent:** Monday, July 4, 2016 3:34 PM
**To:** richard katz
**Cc:** richard katz
**Subject:** Termination of Subcontractor Agreement

To Whomever It May Concern at Moats Construction, Inc and Russell T. Moats,

You are hereby given notice that our "Subcontractor Agreement" dated March 7, 2016 is hereby terminated immediately.  Under the terms in Section 2.b.ii.

You incorrectly represented to New Beach Construction Partners, Inc. that you had the necessary skills to perform the duties as incorporated by reference with the specifications from Anderson County in Bid documents 16-038. Part of the false misrepresentation had to do with necessary manpower and skills to perform the contract within the time specified.  Under the contract all work was to be completed by May 21, 2016, even though additional time was formally requested by New Beach Construction Partners, Inc., no such time extension was formally requested by Moats Construction Inc. or Russell Moats.  Furthermore, Russell Moats stated to New Beach Construction Partners, Inc. and they relied on this information, that he had a General Contractor's license "Unlimited Building Contractor's License" which is untrue. Mr. Moats has what appears to be a GC license for classifications that did not require exams and Classified as only GD5,HI5, CT5, MS5, IR, AP5, WL5.  Actually no building

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

license at all. Therefore, he does not have the necessary building knowledge to understand construction of a building which is necessary for a demolition project of this size and complexity.

The extension requested by New Beach was allowed by Anderson County until June 15, 2016. After that time liquidated damages have been implemented by Anderson County to New Beach Construction Partners, Inc. due to the demolition phase not even being completed on July 1, 2016. According to the Subcontractor Agreement, Section 6.c. "The subcontractor shall,at its own expense, indemnify, save and hold Contractor harmless from any and all damages, losses and costs incurred or sustained by reason of or arising out of any breach by or alleged breach by Subcontractor." Therefore it is stimulated that Moats Construction Inc. or Russell Moats shall be legally responsible for the liquidated damages instituted against New Beach Construction Partners, Inc. by Anderson County.

Mr. Moats, you have repeatedly made statements to myself and officials at Anderson County, including the engineers managing this project, that as of June 24, 2016 we no longer have a contract. I have no idea what you are basing that on except your own knowledge and admitting your breach and right to terminate under the aforementioned section of said contract. Therefore you have actual knowledge of the termination of this agreement. I asked you nicely last friday to have all your equipment and personnel off of our site as of 5 pm July 1, 2016. You answered me with insults and threatening me as evidenced by the police showing up on site. We will allow you to take the box of metals which you have already loaded. All other salvage to be left on site.

Sincerely,

Lana Cavassa, Esq.

New Beach Construction Partners, Inc. dba

Southeast Demolition & Environmental Services Inc.

404-422-7947

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

From: richard katz RKatz@southeastdemo.com
Subject: Re: filename-1.pdf
Date: Jul 6, 2016, 7:38:53 AM
To: Russell rtm@moatsconstruction.com
Cc: Aikins, Rhonda aikinsrd@dhec.sc.gov, lana cavassa
lcavassa@newbeachpartners.com, Matthew King
matthew.king@gmcnetwork.com,
btrichardson@andersoncountysc.org, Robert Carroll
rcarroll@andersoncountysc.org

Russell. We will permit you to remove your equipment from the property under
our contract and control as well as the container you filled with steel. That is all
we will permit. Anything furtherwe will consider Theft of our property and your
additional presence after the removal of the above items will be considered a
trespass and we will pursue legal recourse

Richard Katz
Director of Operations
South East Demolition and Environmental Services/ New Beach Construction
Partners
Cell 786-566-2000
Sent from my iPhone

On Jul 5, 2016, at 10:22 AM, Russell <rtm@moatsconstruction.com> wrote:

Ms. Aikins,
Moats Construction Inc. has terminated the subcontract for the demolition if
the Bailes and Woolworth buildings effective Friday June 24th, 2016, but had
continued to work on the site until Friday July 1st. Due to the actions by the
contractor who holds the Prime contract with Anderson County, New Beach
Construction Partners Inc., Moats Construction Inc. will not be performing
anymore demolition activities on this site, with the exception of removing some
salvage material already staged for removal.
New Beach has rented some equipment, and is currently working on the site
although it is our understanding that they do not hold a SCDHEC demolition
permit.
We would ask that the Department release Moats Construction Inc. from any
and all requirements per the current statute or where required by law.

EXHIBIT
J

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

From: Moats construction lbkingcu@moatsconstruction.com
Subject: Fwd: Invoice 43994 from Moats Construction Company
Date: Nov 30, 2016, 1:00:01 PM
To: Russell rtm@moatsconstruction.com

Begin forwarded message:

From: <rtm@moatsconstruction.com>
Date: July 8, 2016 at 9:26:14 AM EDT
To: <lcavassa@newbeachpartners.com>
Cc: <rkatz@southeastdemo.com>, <lbkingcu@moatsconstruction.com>,
<rcarroll@andersoncountysc.org>, <matthew.king@gmcnetwork.com>
Subject: Invoice 43994 from Moats Construction Company

All,
Please see the attached.   This is the final bill for the Bailes and Woolworth
Demolition, and the amount owing and due by New Beach Construction
Partners, Inc., Lana Cavassa, Richard Katz and their Surety.
The $34,000.00 that Lana Cavassa referenced in our meeting was correct, but
New Beach also owed another $2,000.00 from a previous invoice.  A statement
of acounting will follow as welll as the Certificate of Service by USPS.
Kindest Regards,

Russell T. Moats
Principle
Moats Construction Company
864.224.0904 Office
864.964.9754 Fax
moatsconstruction.com

pdf

Inv_43994_...ny_684.pdf
138 KB

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

HOLDER
PADGETT
LITTLEJOHN+
PRICKETT LLC
ATTORNEYS AT LAW

Lee Prickett

*Greenville Office*
*phone:* 864.335.8808
*fax:* 864.248.4090
lprickett@hplplaw.com

December 22, 2016

***Via Certified Mail Return Receipt and First Class Mail***

New Beach Construction Partners, Inc.
Attn: Lana Cavassa
6200 Aberdeen Drive
Atlanta, GA 30328

***Via Certified Mail Return Receipt and First Class Mail***

Travelers Casualty and Surety Company of America
One Tower Square
Hartford, CT 06183-9062

***Via Certified Mail Return Receipt and Regular Mail***

Anderson County
Attn: Rusty Burns
101 S. Main St.
Anderson, SC 29624

*Re: Demand for Payment by Moats Construction, Inc.*

| | |
|---|---|
| *Project:* | *Demolition of Bailes & Woolworth* |
| *Buildings* | |
| *Owner:* | *Anderson County, SC* |
| *Principal/Prime Contractor:* | *New Beach Construction Partners, Inc.* |
| *Surety:* | *Travelers Casualty and Surety Company* |
| *Bond No.:* | *106399735* |
| *First-Tier Subcontractor:* | *Moats Construction, Inc.* |

---

Dear All:

This firm represents Moats Construction, Inc. ("Moats"). We have been asked to assist Moats in obtaining payment for labor and materials which have been provided on the **demolition and disposal of the Bailes and Woolsworth Buildings** ("Project") located in Anderson County, South Carolina. It is my understanding that New Beach Construction Partners, Inc. ("NBCP") entered an agreement with Anderson County ("County") to complete the Project for Two Hundred Twenty-Seven Thousand and 00/100 ($227,700.00) Dollars. As required by the agreement with the County, NBCP provided a Payment Bond through Travelers Casualty and Surety Company ("Travelers") (*See* **Exhibit A – Payment Bond**).

EXHIBIT
tabbies
K

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304



Moats entered a subcontract directly with the bonded principal, NBCP to provide demolition and disposal services on the Project in the amount of One Hundred Seventy-Thousand ($170,000.00) Dollars. (*See* **Exhibit B-Subcontract**). As part the Subcontract, Moats was entitled to the salvage value of the material on the Project. The salvage value was a key part of the consideration for the Subcontract, as acknowledged by NBCP's actions throughout the Project.

Moats salvaged some material throughout the Project, however, NBCP wrongfully withheld the remaining stockpile of material at the end of the Project and refused to allow Moats to retrieve the same. The salvage value of the remaining material is estimated to be Thirty Thousand and 00/100 ($30,000.00) Dollars.

Further, Moats has suffered the following additional costs as a result of NBCP's actions:
- Damage to Moats' Bobcat ($2,000.00);
- Costs incurred to load and remove compact track loader ($1,500.00)
- $2,000.00 per day for thirty (31) extra days on site covering the cost of equipment and ongoing traffic control ($62,000.00);

(*See* **Exhibit C - Final Invoice dated 6/8/16**)

To date, Moats has only been paid One Hundred Thirty-Four Thousand and 00/100 ($134,000.00) Dollars, under its Subcontract with NBCP, leaving an undisputed balance of Thirty-Six Thousand and 00/100 ($36,000.00) Dollars due and owing without the additional costs noted above. (*See* **Exhibit C**). An email from NBCP confirming the undisputed amount of $36,000.00 is attached. (*See* **Exhibit D - 6/23/16 email**).

Moats fulfilled its obligations to NBCP, however, NBCP has nonetheless refused to pay the undisputed outstanding amount of Thirty-Six Thousand and 00/100 ($36,000.00) Dollars and compensate Moats for the additional offsets outlined above. With inclusion of the additional costs incurred by Moats and offset for the salvage material outlined above, the total owed by NBCP to Moats amounts to One Hundred Thirty-One Thousand, Five Hundred and 00/100 Dollars ($131,500.00) (*See* **Exhibit E - Statement dated 7/25/16**).

Based on NBCP's actions, Moats, by and through its undersigned attorney, herewith makes the following demands and gives the following Notices:

- This letter serves as Moats' demand for the immediate payment of Thirty-Six Thousand and 00/100 ($36,000.00) Dollars under its subcontract with NBCP on the above-referenced Project, along with compensation for the salvage material and offsets described herein. Pursuant to South Carolina Code Ann. § 27-1-15, NBCP and Travelers have a duty to make a reasonable and fair investigation of the merits of this claim and pay it, or whatever portion



ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

of it is determined to be valid, within forty-five days from the date of mailing of this demand. If NBCP and Travelers unreasonably refuse to pay the claim or proper portion, they shall be liable for reasonable attorneys' fees and interest at the judgment rate from the date of this demand. At a minimum, such investigation should include you providing this office with complete documentation of any evidence that the sums demanded are incorrect, as well as complete documentation of any claims you assert are properly offset from sums otherwise due Moats.

- Pursuant to the South Carolina Prompt Pay Act, South Carolina Code Ann. § 29-6-50, Moats herewith demands payment in full of the principal amount listed above. Further, pursuant to the Prompt Pay Act, you will be liable for 1% interest per month as set forth in the above-referenced statute.

- That the Owner hereby take notice that Moats asserts a claim on all funds in the Owners hands now due or due in the future to NBCP, including all existing, outstanding, and future pay applications and retainage presently being held, or which will be withheld in the future which will satisfy Moats' claims.

- Travelers shall take notice that this demand shall act as a demand on the payment bond for this Project.

- Moats further demands that NBCP and /or Travelers pay its claim in full.

I would ask that a representative from Travelers and NBCP contact my law firm's Greenville, South Carolina office within seven (7) days of receipt of this letter so that we can discuss a timely resolution.

I appreciate your immediate response to this demand.

Sincerely,

HOLDER PADGETT LITTLEJOHN + PRICKETT, LLC

F. Lee Prickett, III

Enclosures
cc:    Client

Bond No.    106399735

# Document A312™ – 2010

## Payment Bond

Conforms with The American Institute of Architects AIA Document 312

**CONTRACTOR:**
*(Name, legal status and address)*

New Beach Construction Partners, Inc.
6200 Aberdeen Drive
Atlanta, GA 30328

**SURETY:**
*(Name, legal status and principal place of business)*

Travelers Casualty and Surety Company of America
Construction Services, Travelers Bond & Financial Products, One Tower Square
Hartford, CT 06183-9062
**Mailing Address for Notices**

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**OWNER:**
*(Name, legal status and address)*

Anderson County South Carolina
101 S. Main Street
Anderson, SC 29624

**CONSTRUCTION CONTRACT**
Date:

Amount: $ 227,700.00    Two Hundred Twenty Seven Thousand Seven Hundred Dollars and 00/100

Description:
*(Name and location)*
Demolition of Bailes & Woolworth Buildings in Anderson County, SC

**BOND**
Date:
*(Not earlier than Construction Contract Date)*

Amount: $ 227,700.00    Two Hundred Twenty Seven Thousand Seven Hundred Dollars and 00/100

Modifications to this Bond:    [X] None    [ ] See Section 18

**CONTRACTOR AS PRINCIPAL**
Company:    *(Corporate Seal)*

New Beach Construction Partners, Inc.

Signature: *Lana Cavasse*
Name
and Title: Lana Cavasse
President

**SURETY**
Company:    *(Corporate Seal)*

Travelers Casualty and Surety Company of America

Signature:
Name
and Title: Daniel Yates
Attorney-in-Fact

*(Any additional signatures appear on the last page of this Payment Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*

**AGENT or BROKER:**
Yates Insurance Agency
2800 Century Parkway, NE, Suite 300
Atlanta, GA 30345
404-633-4321

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party.)*

S-2148/AS 8/10

EXHIBIT
A

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

## SUBCONTRACTOR AGREEMENT

THIS SUBCONTRACTOR AGREEMENT (this "Agreement") is being entered into and shall become effective on March 7, 2016 (the "Effective Date"), by and between New Beach Construction Partners Inc. of 6200 Aberdeen Dr, Atlanta, Ga 30828 (hereinafter "Contractor") and Moats Construction, Inc., of 1323 Old Roberts Ch. Rd., Anderson, SC 29626 (hereinafter "Subcontractor").

## WITNESSETH:

WHEREAS, Contractor and Subcontractor wish to contract with each other for the purpose of Subcontractor agreeing to perform and/or provide certain services and/or materials related to Subcontractor's skill, expertise and knowledge on the project identified under Section 3 herein pursuant to the terms and conditions described herein.

NOW, THEREFORE, for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, and in consideration of the promises and covenants contained herein, the parties hereto agree as follows:

1. DESCRIPTION OF SERVICES AND/OR MATERIALS TO BE PROVIDED.

   a. The services and/or materials to be provided by Subcontractor for Contractor are as follows:

   The complete Demolition of the Bailes and Woolworth Buildings located at 107 and 111 S. Main St. in Anderson, SC., Including the Complete Demolition and proper disposal of Debris down to the Existing Road, Parking Lot and Sidewalk Grades as specified in anderson County Bid 16-038 incorporated by reference herein. "Fencing, Shoring Bonding Excluded." All work to be completed by May 21, 2016. (collectively the "Services").

   b. The Services will be performed in a workmanlike manner in accordance with the legally required and/or acceptable standards, customs and practices of workmanship within Subcontractor's trade, profession or such line of work.
   The Direct Total being $ 170,000.00 USD. One Hundred Seventy Thousand Dollars and 00/100.
   c. The Subcontractor will be responsible for obtaining any permits required by law.  The subcontractor will not be responsible for any delay as a result of the contractor not fulfilling any obligation associated with this contract.

2. TERM.

   a. The term of this Agreement shall be for a period of 75 days, commencing upon the Effective Date (the "Term"), unless otherwise terminated pursuant to paragraph 2(b) hereof.

   b. This Agreement may be terminated by either party upon written notice if:

      i. Either party breaches a material provision or defaults on its obligation under this Agreement and upon written notification by the other party fails to cure such breach within thirty (30) days;



**EXHIBIT**

B

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ii. If any representation or warranty made herein shall be found to be false, incorrect or misleading in any material respect, by omission or otherwise.

iii. In the event of insolvency, bankruptcy, liquidation, death, or disability of the other party.

3. PROJECT

The Services are to be performed on the following project: Bailes / Woolsworth Buildings Demolition (hereinafter the "Project").

4. TERRITORY

The territory of this Agreement shall be Anderson, South Carolina (the "Territory").

5. COMPENSATION

a. Subcontractor shall perform and/or provide the Services pursuant to the terms herein.

b. Subcontractor shall submit invoices to Contractor Weekly.

c. Contractor shall pay all amounts owing to Subcontractor within 15 days from receipt by of Subcontractor's invoice and all overdue accounts shall be subject to interest at the legal rate from and after the date of the invoice in respect of which payment is overdue.

6. REPRESENTATIONS, WARRANTIES AND INDEMNIFICATION

a. Contractor represents and warrants that:

i. Contractor has the complete power and authority to enter into this Agreement and that this Agreement constitutes a valid and legally binding agreement enforceable against Contractor.

b. Subcontractor represents and warrants that:

i. Subcontractor shall undertake, complete and provide in a timely and good and workmanlike manner the Services and shall do so in the same manner as if Subcontractor had independently contracted the Services.

ii. Subcontractor shall maintain, at a minimum, standard commercial general liability insurance with a coverage limit in the amount of Two Million Dollars ($2,000,000). Additionally, Subcontractor shall maintain, at a minimum, property damage liability insurance coverage with a coverage limit in the amount of Two Million

© Copyright 2016

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

Dollars ($2,000,000). On such insurance policies, Contractor shall be listed as an additional insured. Subcontractor shall also maintain all other State-mandated workers' compensation insurance coverage and any other insurance as may be legally required.

e. Subcontractor shall, at its own expense, indemnify, save and hold Contractor harmless from any and all damages, losses and costs (including, but not limited to, legal costs and attorneys' fees) incurred or sustained by reason of or arising out of any breach or alleged breach by Subcontractor of any of the representations, warranties or agreements herein made by Subcontractor. Without limiting any right or remedy otherwise available to Contractor, in the event of any such claim, Contractor shall have the right to withhold from any monies payable hereunder an amount reasonably related to such claim, including but not limited to anticipated legal fees and costs.

7. MISCELLANEOUS

a. The parties hereto are independent contractors and nothing contained herein shall be interpreted as creating any relationship other than that of independent contracting parties. The parties shall not be construed as being partners, joint venturers, shareholders, employer/employee, or agent/servant.

b. This Agreement shall be governed by and interpreted according to the laws of the State of South Carolina, applicable to agreements to be wholly performed herein, with jurisdiction exclusive to the Federal and State courts located in South Carolina, and the parties hereto irrevocably consent to the jurisdiction of such courts.

c. This Agreement may not be assigned or transferred by either party without the express written consent of the other party which consent may be withheld in the discretion of the consenting party. Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, administrators, executors, successors and permitted assigns. Nothing herein, express or implied, is intended to confer upon any person, other than the parties and their respective heirs, administrators, executors, successors and permitted assigns any rights, remedies, obligations or liabilities under or by reason of this Agreement.

d. This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements, representations, warranties, statements, promises, information, arrangements and understandings, whether oral or written, express or implied, with respect to the subject matter hereof. The parties further acknowledge and agree that, in entering into this Agreement, they have not in any way relied, and will not in any way rely upon any oral or written agreements, representations, warranties, statements, promises, information, arrangements or understandings, express or implied, not specifically set forth in this Agreement or in such schedules, documents or instruments.

© Copyright 2016

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

e. No failure by either party to pursue any remedy resulting from a breach of this Agreement by the other shall be construed as a waiver of that breach or as a waiver of any subsequent or other breach unless such waiver is in writing and signed by the non-breaching party.

f. Each provision of this Agreement is intended to be severable. If any provision hereof is illegal or invalid such illegality or invalidity shall not affect the validity of the remainder hereof.

g. In the event that any ACM are encountered and not abated by Anderson County a change order shall be applied for and additional time to complete the project given upon approval. Any change order applied for shall be in writing

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

CONTRACTOR: New Beach Construction Partners, Inc.

By _____ Print

_____ Signature    3-7-16

Title Owner/ Partner   President

By _____ Print

_____ Signature

Title Owner / Partner _____

SUBCONTRACTOR: Moats Construction, Inc.

RUSSELL T. MOATS _____ Print

_____ Signature

By: Russell T. Moats
Title: Owner / Principle   DATE: 03-07-16

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

## *Moats Construction Company*

1523 Old Roberts Church Road
Anderson, South Carolina 29626
864.224.0904
864.964.9754

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/8/2016 | 43994 |

| Bill To |
|---------|
| New Beach Construction Partners, Inc.<br>6200 Aberdeen Dr.<br>Atlanta, Ga 30328 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| Per Contract | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Draw # 7 for Demolition of Bailes and Woolworth Buildings - Final Bill - Contract Balance - Termination | 34,000.00 | 34,000.00 |
| 1 | Less Salvage Material Retained by General Contractor | 30,000.00 | 30,000.00 |
| 31 | Additional Days to Complete Original Contract / Day | 2,000.00 | 62,000.00 |
| 1 | Damage to Bobcat T300 Compact Track Loader | 2,000.00 | 2,000.00 |
| 1 | Cost to Load and Move Bobcat Compact Track Loader from Site | 1,500.00 | 1,500.00 |

We appreciate your prompt payment.

*This Application for Payment is made pursuant to the South Carolina Prompt Pay Act SC Title 29-6-10 though 29-6-60.*

| **Total** | $129,500.00 |
|-----------|-------------|
| **Balance Due** | $129,500.00 |

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 864.224.0904 | 864.964.9754 | rtm@moatsconstruction.com | *www.moatsconstruction.com* |

EXHIBIT
C

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

Lee Prickett

| From: | Moats Construction <rtm@moatsconstruction.com> |
|---|---|
| Sent: | Wednesday, December 14, 2016 12:27 PM |
| To: | Lee Prickett |
| Subject: | Fwd: Proposition |

Russell T. Moats
Principle
Moats Construction Company

Begin forwarded message:

> **From:** Russell <rtm@moatsconstruction.com>
> **Date:** June 24, 2016 at 9:30:25 AM EDT
> **To:** btrichardson@andersoncountysc.org, Matthew King <matthew.king@gmcnetwork.com>
> **Subject:** Fwd: Proposition
>
>
> Russell T. Moats
> Principle
> Moats Construction Company
> 1523 Old Roberts Ch Rd
> Anderson, South Carolina 29626
> 300 W. Orr St. ( Shops )
> 864.224.0904  Office
> 864.964.9754  Fax
> 864.276.5021  Direct
> Charleston
> 7672 Little Britton Rd.
> Yonges Island, South Carolina 29449
> 843.327.2497 Office
> 843.869.1554  Fax
> www.moatsconstruction.com
>
>
> Begin forwarded message:
>
>> **From:** lana cavassa <lcavassa@newbeachpartners.com>
>> **Date:** June 23, 2016 at 5:34:48 PM EDT
>> **To:** Russell Moats <rtm@moatsconstruction.com>
>> **Cc:** richard katz <RKatz@southeastdemo.com>
>> **Subject:** Proposition
>>
>> Dear Russell,

5



I wanted to see if we could come to terms in having you finish out the project with Anderson County. Rich has been sick and so has my son so things have been interrupted here. I have already obtained the fence permit. I don't know where you are with the shoring and getting Brian to agree to using the brick. We still owe you $36,000.00 and we would be willing to pay you an additional $50,000.00 for you to complete the permanent fence to spec and the shoring to their spectifications.

Please let me know as soon as possible your feelings about this . Also, please let me know that all demolition work including debris removal has been completed.  Matthew King will probably be on site Friday June 24, 2016.

Lana Cavassa, Esq.

New Beach Construction Partners, Inc. dba

Southeast Demolition & Environmental Services Inc.

404-422-7947

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

# *Moats Construction*

# Statement

1523 Old Roberts Church Road
Anderson, South Carolina 29626
864.224.0904
864.964.9754
www.moatsconstruction.com

| Date |
|---|
| 7/25/2016 |

To:

New Beach Construction Partners, Inc.
6200 Aberdeen Dr.
Atlanta, Ga 30328

| Amount Due | Amount Enc. |
|---|---|
| $131,500.00 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 02/29/2016 | Balance forward | | 0.00 |
| 03/14/2016 | INV #43966. Due 03/14/2016. | 34,000.00 | 34,000.00 |
| | --- LS Contract, 1 @ $34,000.00 = 34,000.00 | | |
| 03/21/2016 | INV #43971. Due 03/21/2016. | 17,000.00 | 51,000.00 |
| | --- LS Contract, 1 @ $17,000.00 = 17,000.00 | | |
| 03/28/2016 | INV #43973. Due 03/28/2016. | 17,000.00 | 68,000.00 |
| | --- LS Contract, 1 @ $17,000.00 = 17,000.00 | | |
| 04/04/2016 | INV #43978. Due 04/04/2016. | 17,000.00 | 85,000.00 |
| | --- LS Contract, 1 @ $17,000.00 = 17,000.00 | | |
| 04/11/2016 | INV #43983. Due 04/11/2016. | 17,000.00 | 102,000.00 |
| | --- LS Contract, 1 @ $17,000.00 = 17,000.00 | | |
| 04/23/2016 | PMT #1090. | -20,000.00 | 82,000.00 |
| 05/03/2016 | PMT #Branch Deposit. | -20,000.00 | 62,000.00 |
| 05/13/2016 | PMT | -40,000.00 | 22,000.00 |
| 05/23/2016 | INV #43993. Due 05/23/2016. | 34,000.00 | 56,000.00 |
| | --- LS Contract, 1 @ $34,000.00 = 34,000.00 | | |
| 05/31/2016 | PMT #Bank Deposit. | -34,000.00 | 22,000.00 |
| 06/08/2016 | INV #43994. Due 06/08/2016. | 129,500.00 | 151,500.00 |
| | --- LS Contract, 1 @ $34,000.00 = 34,000.00 | | |
| | --- LS Contract, 1 @ $30,000.00 = 30,000.00 | | |
| | --- LS Contract, 31 @ $2,000.00 = 62,000.00 | | |
| | --- LS Contract, 1 @ $2,000.00 = 2,000.00 | | |
| | --- LS Contract, 1 @ $1,500.00 = 1,500.00 | | |
| 06/14/2016 | PMT #Counter. | -20,000.00 | 131,500.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 129,500.00 | 2,000.00 | 0.00 | $131,500.00 |

ELECTRONICALLY FILED - 2017 Jun 23 12:42 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304



EXHIBIT
E

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

ANDERSON, SC 29624

OFFICIAL USE

Certified Mail Fee $3.30

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ $0.00
☑ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ _____

Postage $0.89

Total Postage and Fees $2.89

Postmark Here

12/22/2016

Sent To ANDERSON County ATTN Rusty Burns
Street and Apt. No., or PO Box No. 101 S. MAIN ST
City, State, ZIP+4® ANDERSON, SC 29624

PS Form 3800, April 2015

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA
One Tower Square
Hartford, CT 86183

9590 9402 1791 6074 4157 57

2. Article Number (Transfer from service label)
7016 0910 0000 4462 7490

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Jeremiah Lewis     ☐ Agent  ☐ Addressee
B. Received by (Printed Name) Jeremiah Lewis   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

DEC 28 2016

3. Service Type                          ☐ Priority Mail Express®
☐ Adult Signature                        ☐ Registered Mail™
☐ Adult Signature Restricted Delivery    ☐ Registered Mail Restricted Delivery
☐ Certified Mail®                        ☐ Return Receipt for Merchandise
☑ Certified Mail Restricted Delivery     ☐ Signature Confirmation™
☐ Collect on Delivery                    ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

9590 9402 1791 6074 4157 40

2. Article Number (Transfer from service label)
7016 0910 0000 4462 7506

☑ Certified Mail Restricted Delivery     ☐ Return Receipt for Merchandise
☐ Collect on Delivery                    ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

STATE OF SOUTH CAROLINA       IN THE COURT COMMON PLEAS

COUNTY OF ANDERSON          C.A. NO.: 2017-CP-04- O1304

Moats Construction, Inc.

         Plaintiff

v/s

         Defendant (s)

New Beach Construction Partners, Inc.;

and Travelers Casualty and Surety Company

Of America

### AFFIDAVIT OF SERVICE BY PRIVATE PROCESS SERVER

    I hereby certify that a copy of the SUMMONS, COMPLAINT, EXHIBIT A,

EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H,

EXHIBIT I, EXHIBIT J, and EXHIBIT K, were served to New Beach Construction Partners,

Inc., on July 14, 2017 at 2:40 pm EST. Service was established by personally serving Lana

Poynor Cavassa, Secretary at 835 Glenairy Drive, Atlanta, Georgia 30328

State of Georgia

County of Gwinnett                Lee J. Gauthreaux/ Process Server

I hereby attest that I have witnessed the above statement of service by Lee J. Gauthreaux

On this __17__ day of July , 2017.

_____ Notary Public

ELECTRONICALLY FILED - 2017 Jul 24 11:22 AM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

ELECTRONICALLY FILED - 2017 Jul 11 6:16 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF ANDERSON | ) | C.A. NO.: 2017-CP-04-01304 |
| | ) | |
| Moats Construction, Inc. | ) | |
| | ) | |
|        Plaintiff, | ) | |
| vs. | ) | **AFFIDAVIT OF SERVICE** |
| | ) | |
| New Beach Construction Partners, Inc.; and | ) | |
| Travelers Casualty and Surety Company of | ) | |
| America | ) | |
| | ) | |
|        Defendants. | ) | |
| | ) | |

Personally appeared before me the undersigned, who being duly sworn, says that she served the Summons and Complaint in this action on Travelers Casualty and Surety Company of America, a named defendant, by certified mail, return receipt requested, addressed to the South Carolina Department of Insurance, ATTN: Ray Farmer, Director, 1201 Main Street, Suite 1000, Columbia, SC 29201 on the 27th day of June, 2017.

Said Summons and Complaint was received by Defendant Travelers Casualty and Surety Company of America via the South Carolina Department of Insurance on the 29th day of June, 2017, as evidenced by the attached original signed return receipt.

Laurie Warren, Paralegal
Holder, Padgett, Littlejohn + Prickett, LLC

SWORN to before me this
\_11\_ day of \_July\_\_\_\_, 2017.

Notary Public South Carolina
My Commission Expires: 7|13|2021

ELECTRONICALLY FILED - 2017 Jul 11 6:16 PM - ANDERSON - COMMON PLEAS - CASE#2017CP0401304

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X Kathy Uhl    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery 6/29/17

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

SC Department of Insurance
Attn: Ray Farmer, Director
1201 Main Street, Suite 1000
Columbia SC 29201

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9402 2273 6225 7521 88

2. Article Number (Transfer from service label)
7017 1070 0000 4304 1515

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

USPS TRACKING #

9590 9402 2273 6225 7521 88

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

HOLDER PADGETT LITTLEJOHN + PRICKETT, LLC
1204 A E. Washington St.
Greenville, SC 29601

TLP: Moats-New Beach

STATE OF SOUTH CAROLINA

COUNTY OF ANDERSON

Moats Construction, Inc.,

                 Plaintiff,

    v.

New Beach Construction Partners, Inc.; and Travelers Casualty and Surety Company of America

                 Defendants.

IN THE COURT OF COMMON PLEAS
C.A. No. 2017-CP-04-01304

**<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>**

Please take notice that, on July 28, 2017, Defendants filed a Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the District of South Carolina, Anderson Division.  <u>See</u> **<u>Exhibit 1</u>** (Notice of Removal).

This 28th day of July 2017
Greenville, South Carolina

         /s/ Joshua L. Howard
        Joshua L. Howard (SC . Bar No. 70260)
        Thomas M. Cull (SC Bar No. 102222)
        WOMBLE CARLYLE SANDRIDGE & RICE, LLP
        550 S. Main Street
        Greenville, SC 29601
        Telephone: 864.255.5406
        jhoward@wcsr.com
        tcull@wcsr.com

        And

        C. Allen Gibson Jr. (SC Bar No. 2467)
        WOMBLE CARLYLE SANDRIDGE & RICE, LLP
        5 Exchange Street
        Charleston, SC 29401
        Telephone: 843.720.4613
        AGibson@wcsr.com

        *Counsel for Defendants*

Exhibit B